The Honorable Thomas G. (Tom) Baker State Representative Route 1, Box 80 Alicia, AR 72410
Dear Representative Baker:
This is in response to your request for an opinion on the following question:
 Is it lawful for a county hospital, without going through the bid process, to contract with a member of the hospital board for the collection of the bad debts of the hospital?
It must be initially noted, in responding to your question, that county board members are generally precluded from being interested, directly or indirectly, in any contract of the county. A.C.A. 14-14-1202(c)(2)(A) (Supp. 1989) wherein it states:
 If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances.[1] the ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
Thus, regardless of questions surrounding the bid process, an initial determination must be made with regard to the authorization of the contract.
As to bidding requirements, the county purchasing law must be considered wherein it requires formal bidding as a prerequisite to the purchase of commodities, where the estimated purchase price exceeds five thousand dollars. A.C.A. 14-22-104. If the estimated price is under five thousand dollars, bidding is not required.
As to purchases over five thousand dollars, the definition of "commodities" must be considered, wherein it excepts "personal services" from services covered by the act. A.C.A. 14-22-101(2). This phrase is not defined, and it must be recognized that the Attorney General is not in a position to offer a controlling definition of a term where the General Assembly has elected not to provide one. General authority on the subject may, however, be helpful in the absence of Arkansas case law directly on point.
It has been stated, generally, that contracts for personal services are those involving a peculiar skill or ability. 10 McQuillan, Municipal Corporations 29.35 (3rd ed. 1981); see, generally, Redman v. Mena General Hospital, Inc., 202 Ark. 755,759, 152 S.W.2d 542 (1941). One might successfully contend that the legislature, in exempting "personal services" from bidding requirements, had in mind services demanding special skill, experience, and business judgment. See Gulf Bitulithic Co. v. Nueces County, 11 S.W.2d 305 (Tex. Com App. 1928). It has been stated, however, that an exemption from bidding requirements is not applicable where the service contracted for ". . . does not involve the exercise of special skills, training, taste, or discretion." 64 Am. Jur. 2d Public Works and Contracts 43 (2d ed. 1972).
It is my opinion, following these general precepts, that although the particular facts and circumstances should be considered in each instance, debt collection services would in all likelihood be deemed to fall within the "personal services" exception, particularly if the person is regulated under state law as a "collection agency." See A.C.A. 17-21-101 et seq. We should also point out, however, that the purchasing official, with the county court's approval, is specifically authorized under A.C.A.14-22-115 to seek the advice and aid of the prosecuting attorney in such matters. Additionally, it should be noted that such an arrangement must be reported pursuant to A.C.A. 21-8-702(c)(10) by the Board member.
The foregoing is also premised upon the assumption that the collection services are not performed by a lawyer. The state and its political subdivisions are specifically prohibited from using competitive bidding for the procurement of legal services. A.C.A.19-11-802 (Supp. 1989).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The definition of "officers and employees of county government" includes "[a]ll members of county boards, advisory, administrative, or subordinate service districts. . . ." A.C.A. 14-14-1202(b)(1)(C) (Supp. 1989).